FORM 104 (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only)  15-90154 |
|---|---|

| PLAINTIFFS (Names and Addresses) | DEFENDANTS (Names and Addresses) |
|---|---|
| JEFFREY SCHRANZ, an individual | KYLE E. KODRA, an individual; KODRA & ASSOCIATES, a corporation; WMA ENTERPRISES, INC., a corporation; and DOES 1-10, inclusive |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Martin J. Mullen<br>3636 Nobel Dr., Ste. 215<br>San Diego,CA 92122  (858)404-9800 | Thomas B. Gorrill<br>401 West A Street, Suite 1770<br>San Diego,CA 92101  (619)237-8889 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Non-dischargeability of Debt (11 U.S.C. §§523(a)(4),(a)(6)); Avoidance and Recovery of Fraudulent Transfer (State Law); Objection and Denial of Discharge (11 U.S.C. §727); Breach of Fiduciary Duty (State Law)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) - Recovery of Money/Property | FRBP 7001(6) - Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☒ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☐ 63-Dischargeability - §523(a)(8), student loan |
| ☒ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) - Validity, Priority or Extent of Lien** | ☐ 65-Dischargeability - other |
| ☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) - Injunctive Relief** |
| **FRBP 7001(3) - Approval of Sale of Property** | ☐ 71-Injunctive relief - imposition of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☐ 72-Injunctive relief - other |
| **FRBP 7001(4) - Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☒ 41-Objection / revocation of discharge - §727(c),(d),(e) | ☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) - Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | ☐ 91-Declaratory judgment |
| **FRBP 7001(6) - Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | ☐ 01-Determination of removed claim or cause |
| ☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other**<br>☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq. |
| ☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny **(continued next column)** | ☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☒ Check if a jury trial is demanded in complaint | Demand $  250,000+ |

Other Relief Sought

Fraudulent Transfer under UFTA (Cal. Code Civ. Proc. §§3439.04(a), 3439.05), Breach of Fiduciary Duty

```
Case # : 15-90154-LAAD
Title..: SCHRANZ V. KODRA ET AL
Judge..: LOUISE ADLER
Chapter: AD
---------------------------------
Filed : August 24, 2015  15:49:49
Deputy : RUSSELL PALUSO
Receipt: 227606
Amount : $350.00
---------------------------------
```

**FORM 104 (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |
|---|---|
| NAME OF DEBTOR<br>KYLE E. KODRA | BANKRUPTCY CASE NO.<br>15-03371 |

| DISTRICT IN WHICH CASE IS PENDING<br>Southern District in California | DIVISIONAL OFFICE<br>San Diego | NAME OF JUDGE<br>Hon. Louise DeCarl Adler |
|---|---|---|

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

/s/ Martin Mullen, Esq.

| DATE<br>8/24/2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Martin Mullen |
|---|---|

Print Form

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint. Addresses should be listed for all Plaintiffs and Defendants.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

1   **ROWE MULLEN** LLP
    Martin Mullen (SBN 137974)
2   James S. Brasher (SBN 171139)
    3636 Nobel Drive, Ste. 215
3   San Diego, California 92122
    Telephone: (858) 404-9800
4   Facsimile:  (858) 404-9833

5

6   Attorneys for Plaintiff
    JEFFREY SCHRANZ

7

```
Case # : 15-90154-LAAD
Title..: SCHRANZ V. KODRA ET AL
Judge..: LOUISE ADLER
Chapter: AD
---------------------------------
Filed : August 24, 2015  15:49:49
Deputy : RUSSELL PALUSO
Receipt: 227606
Amount : $350.00
---------------------------------
```

8                    **UNITED STATES BANKRUPTCY COURT**

9                     **IN AND FOR THE SOUTHERN DISTRICT**

10  In re:                              )    Case No.   15-03371-LA7
                                        )
11        KYLE KODRA                    )    Adversary Case No. 15- 90154
                                        )
12             Debtor.                  )    **Chapter 7**
                                        )
13  JEFFREY SCHRANZ                     )    **ADVERSARY COMPLAINT TO**
                                        )    **OBJECT TO DISCHARGE PURSUANT**
14             Plaintiff,               )    **TO 11 U.S.C. § 727, FRAUDULENT**
                                        )    **CONVEYANCE, FALSE OATH;**
15        v.                            )    **LARCENY; WILLFUL AND MALICIOUS**
                                        )    **INJURY; AND BREACH OF FIDUCIARY**
16  KYLE KODRA; KODRA & ASSOCIATES      )    **DUTY**
    INC.; WMA ENTERPRISES INC., AND DOES)
17  1 THROUGH 10.                       )    **[DEMAND FOR JURY TRIAL]**
                                        )
18             Defendants.              )
    _____)

19

20       COMES NOW, Plaintiff, JEFFREY SCHRANZ ("Plaintiff" or "SCHRANZ"), by and

21  through his attorneys, and by way of his Complaint to Determine Dischargeability, Objection to

22  Discharge, Conversion, and Declaratory Relief complains against the Defendant/Debtor, KYLE

23  KODRA ("KODRA"); Defendant, KODRA AND ASSOCIATES INC. ("K&A") and WMA

24  ENTERPRISES INC. ("WMA"), and DOES 1 through 10 (collectively referred to herein as

25  "Defendants" alleges as follows:

26                              **THE PARTIES**

27       1.    Plaintiff/Creditor SCHRANZ is an individual residing in the County of San Diego.
    SCHRANZ is a secured creditor of the debtor KODRA.

28       2.    Defendant/Debtor KODRA is an individual residing in the County of San Diego,

00151917.DOC                            1
          ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

1  specifically at 5986 College Avenue, San Diego, California 92120-3019.  KODRA is also the debtor

2  who has filed for Chapter 7 bankruptcy protection in the above referenced case.

3       3.     Defendant K&A is a tax preparation firm and is a California corporation with its

4  principal place of business located at 3665 Ruffin Road, Suite 204, San Diego, California 92123.

5       4.     Plaintiff is informed and believes and thereon alleges that Defendant WMA is a tax

6  preparation firm and is a California corporation also with its principal place of business located at

7  3665 Ruffin Road, Suite 204, San Diego, California 92123.

8       5.     Plaintiff is informed and believes that WMA is the entity that has received the

9  fraudulently transferred assets from Debtor and K&A.  Therefore, with respect to all references to

10  K&A in this Complaint, said reference also refers to WMA from on or before its formation on

11  October 28, 2014 to the present date.

12       6.     The true names and capacities of defendants DOES 1 through 10, inclusive, are

13  unknown to Plaintiff, who, therefore, sues these defendants by their fictitious names.  Plaintiff will

14  seek leave to amend this Complaint to set forth their true names and capacities when they have been

15  ascertained.

16       7.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto,

17  DOES 1 through 10, inclusive, and each of them, were, and are now, the agents and employees of

18  each of the other Defendants herein, and in doing the acts alleged herein, were at all times acting

19  within the course and scope of said agency and employment, with the consent and at the direction of

20  the other Defendants.  Plaintiff is informed and believes and thereon alleges that each of such

21  fictitiously named defendants is responsible in some manner for the occurrences alleged herein.

22  **JURISDICTION AND VENUE**

23       8.     On May 20, 2014, Debtor, KODRA, filed a voluntary Chapter 7 bankruptcy petition

24  (the "Petition Date").  This Adversary Proceeding within the meaning of Federal Rule of Bankruptcy

25  Procedure 7001 is brought in Debtor's case under Chapter 7 of Title 11 of the United States

26  Bankruptcy Code, Case No. 15-03371-LA7, now pending in this Court, to determine the

27  dischargeability of debt and object to the discharge of debt of Debtor KODRA pursuant to 11 U.S.C.

28  Sections 727.

**ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

9.     This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. Sections 1334.  This is a core proceeding pursuant to 28 U.S.C. Section 157.

10.     Based on 28 U.S.C. Section 1409, venue is proper in the Southern District of California because the underlying bankruptcy case is proceeding in this district.  In addition, all of the wrongful conduct alleged herein took place in San Diego County, California, and within this district.

## GENERAL ALLEGATIONS

**A.     THE PARTIES' AGREEMENTS**

### The 2002 Note

11.     On or about September 25, 2002, SCHRANZ and KODRA entered into a Promissory Note Secured by Deed of Trust under which SCHRANZ loaned KODRA $135,000, together with interest of 8 ½% per year from the date thereof until paid in full ("the 2002 Note") (a true and correct copy of which is attached hereto as Exhibit A).  KODRA also agreed to pay SCHRANZ an annual percentage of K&A's gross revenues (less any returns or business revenues prepaid to SCHRANZ) set forth in Attachment #1, specifically 6% for 2003, 7% for 2004, 8% for 2005, 9% for 2006, and 10% for 2007 beginning May 15, 2004 for 2003 and each year thereafter until May 15, 2008.  The 2002 Note also provided (among other things) that KODRA's annual percentage payments to SCHRANZ shall continue even if all principal and interest due under the 2002 Note were fully paid prior to the due date.  At the time the 2002 Note was executed, KODRA was the 100% owner of K&A.

12.     KODRA's obligations under the 2002 Note were secured by a Trust Deed to KODRA's personal residence located at 5986 College Avenue, San Diego, California 92120, which Trust Deed was exercisable in the event of default (attached hereto as Exhibit B).  The following events constituted a default:  (a) KODRA's failure to pay any payment when due; (b) KODRA's failure to perform or observe any term or condition of the Trust Deed; (c) KODRA's failure to perform or observe any term of condition of any other agreement between KODRA and SCHRANZ; (d) KODRA's assignment for the benefit of creditors or the voluntary appointment of a receiver, custodian, liquidator or trustee in bankruptcy of any of KODRA's or K&A's property, or the filing

1    by KODRA or K&A of a petition in bankruptcy or similar proceeding; or (e) the filing against

2    KODRA or K&A of a petition in bankruptcy or other similar proceeding, or the involuntary

3    appointment of a receiver, custodian, liquidator or trustee in bankruptcy of any property of KODRA

4    or K&A if such petition or appointment is not discharged or vacated within 60 sixty after the filing

5    or making thereof.

6        13.    Upon any default of the 2002 Note, SCHRANZ could, at his option, declare the entire

7    unpaid balance and accrued interest immediately due and payable without notice to KODRA.   In

8    addition, the 2002 Note is a full recourse note, and SCHRANZ may, at his option, proceed against

9    assets of KODRA other than the collateral specified in the Trust Deed.

10       14.    Among other things, KODRA promised to pay all costs and expenses (including

11   reasonable attorneys' fees) incurred by SCHRANZ to enforce any rights under the 2002 Note.

12                                    The 2006 Note

13       15.    KODRA made timely and full payments under the profit sharing provisions of the

14   2002 Note on May 15, 2004 and May 31, 2005.  However, for the years 2005 through 2009, in lieu

15   of profit sharing, SCHRANZ was given an equity interest in K&A.  By agreements dated January 9,

16   2008 and May 23, 2010, KODRA granted SCHRANZ an equity interest in K&A of 10% and 6.5%,

17   respectively, which have resulted in SCHRANZ currently owning a total of 16.5% of K&A.[1]  True

18   and correct copies of these grants to SCHRANZ of his equity interest in K&A are attached hereto as

19   Exhibit C.

20       16.    K&A has earned profits of at least $471,000 and SCHRANZ has incurred income tax

21   liability for his portion of the reported profits of K&A that KODRA has not paid SCHRANZ.  These

22   profits remain unpaid and outstanding and are estimated to total at least $53,279 reported by

23   KODRA through November 1, 2013.

24   ///

25   ///

26   ///

27   _____
     [1]    As of the filing of this Adversary Complaint, Debtor KODRA just confirmed SCHRANZ 16.5% ownership in
28   K&A with his Amended Chapter 7 Schedules.  As such, KODRA was to act in the best interests of all of the
     shareholders, including minority shareholders such as Plaintiff.

         ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

#### The 2012 Security Agreement

17.     After KODRA's continued failure to make timely payments, the parties entered into a written Security Agreement dated August 15, 2012 under which KODRA and K&A granted to SCHRANZ a security interest in K&A's inventory, equipment, furniture, records, accounts receivable, contracts and other items (a true and correct copy of which is attached hereto as Exhibit D). SCHRANZ filed a UCC-1 Financing Statement perfecting his security interest under the 2012 Security Agreement on September 27, 2012 (also attached hereto as Exhibit D).

#### The 2010 Note

18.     On or about December 22, 2010, the parties entered into another personal promissory note under which SCHRANZ loaned KODRA Twenty Thousand Dollars ($20,000) to be repaid on or before July 1, 2011, at an annual interest rate of 5% from December 22, 2010 until the date it is due or paid in full, whichever occurred later ("the 2010 Personal Note") (a true and correct copy of which is attached hereto as Exhibit E).

19.     Under the 2010 Personal Note, KODRA also agreed to sell K&A no later than November 15, 2011. From the sale proceeds, KODRA committed to pay the following to SCHRANZ: (a) all outstanding debts to SCHRANZ; (b) distribution to SCHRANZ of his unpaid portion of all K&A profits; and (c) distribution of 16.5% of equity in K&A.

**B.      PROPOSED SALE OF K&A**

20.     In 2011, consistent with the terms of the 2010 Personal Note regarding the sale of K&A, KODRA and SCHRANZ began to prepare and perform diligence for the sale of K&A. As part of that process, a third party broker specializing in the sale of businesses such as K&A estimated the value of K&A to be approximately $400,000. On November 30, 2011, Debtor KODRA estimated the market value for K&A to be an amount in excess of $475,000.

21.     In the process of preparing for the sale of K&A, SCHRANZ was informed by a broker that the sale/value of tax preparation businesses is primarily based on the number of customers and net income from the customer base of the business. However, ultimately, KODRA yet again breached his obligation to sell K&A to discharge his debts to SCHRANZ and refused to sell K&A to discharge his obligations.

1      22.    As a result, SCHRANZ instituted a lawsuit in San Diego Superior Court entitled

2  *Jeffrey Schranz v. Kyle Kodra, et al.*, Case No. 37-2013-00079392-CU-BC-CTL.

3      23.    While this suit was pending, KODRA, through counsel, issued threats of personal

4  bankruptcy of KODRA and that K&A would be dissolved in the event that low-ball settlement offers

5  were not accepted by SCHRANZ.

6  **C.    FRAUDULENT TRANSFERS OF ASSETS TO WMA ENTERPRISES INC.**

7      24.    While KODRA did ultimately file bankruptcy, he did not dissolve K&A. Instead,

8  KODRA, working through counsel, transferred the most important assets of K&A, i.e. its clientele,

9  to WMA. Plaintiff is informed and believes and thereon alleges that other assets including business

10  goodwill, other tangible property necessary to operate WMA and intangible property were all

11  provided to WMA for no consideration. WMA received said property in the absence of good faith.

12      25.    On June 24, 2015, a Section 341 Creditor's Meeting was held in which debtor

13  KODRA claimed that he caused the transfer of approximately 80% of at least 1,300 clients from

14  K&A to WMA for no consideration. This transfer effectively eliminated the value of K&A to

15  virtually zero and at the same time provided WMA with a windfall for no consideration. Plaintiff is

16  informed and believes and thereon alleges that WMA has received the fraudulently transferred

17  property from K&A in bad faith and with the intent to deprive creditors of K&A of its assets such

18  that K&A and WMA are virtually identical. In fact, WMA operates out of the same leased space as

19  K&A, uses the same phone number and the same personnel that were formerly at K&A. The

20  transfers referenced in paragraphs 24 and 25 herein are collectively referenced as the "Transfers."

21      26.    In addition, based on the income schedules of KODRA, KODRA now derives

22  virtually the same income in WMA. In short, KODRA has played a "shell game" with this Court.

23  The goal of the creation and provision of K&A assets to WMA was to hinder creditors. The goal of

24  the creation and provision of K&A assets to WMA was also to intentionally avoid the bankruptcy

25  court and rules.

26      27.    Plaintiff is informed and believes that the fraudulent conveyances that KODRA and

27  his attorneys concocted give rise to criminal penalties not only to KODRA but also to all parties that

28  assisted KODRA in performing such action, including the principals of WMA, who are now

1   knowingly in receipt of the fraudulently conveyed property.  Specifically, pursuant to 18 U.S.C.

2   §152 – Fraudulent conveyance in bankruptcy, "A person who …(5) knowingly and fraudulently

3   receives any material amount of property from a debtor after the filing of a case under title 11, with

4   intent to defeat the provisions of title 11;…(7) in a personal capacity or as an agent or officer of any

5   person or corporation, in contemplation of a case under title 11 by or against the person or any other

6   person or corporation, or with intent to defeat the provisions of title 11, knowingly and fraudulently

7   transfers or conceals any of his property or the property of such other person or corporation;….shall

8   be fined under this title, imprisoned not more than 5 years, or both."

9                           **FIRST CLAIM FOR RELIEF**

10                **(Objection to Discharge – 11 U.S.C. § 727(a)(2))**

11          28.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 27 of the

12   Complaint as though set forth herein.

13          29.     The Transfers from Debtor KODRA, through his control of K&A as an officer, to

14   Defendant WMA, and its officers occurred within one (1) year of the Debtor's Petition Date; or

15   occurred after the Petition Date.

16          30.     Before the Transfers were made, Debtor KODRA had an interest in nonexempt assets

17   sufficient to pay substantially all of the monies owed to SCHRANZ, plus interest.

18          31.     The Transfers were of substantially all of Debtor KODRA's non-exempt assets and

19   neither KODRA nor K&A received reasonably equivalent value in exchange for the Transfers which

20   rendered Debtor KODRA insolvent.

21          32.     After the Transfers to WMA, KODRA and K&A had no assets with which to pay the

22   amounts owed to SCHRANZ under the above-referenced agreements.

23          33.     The Transfers were made immediately prior to (or after) Debtor's filing of the instant

24   Bankruptcy and after the agreements with SCHRANZ were created.

25          34.     The Transfers were made with the intent to hinder, delay, or defraud the creditors of

26    Debtor KODRA, as well as K&A's creditors.  As a result, Debtor's discharge should be denied.

27   ///

28   ///

**ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

**SECOND CLAIM FOR RELIEF**

**(Objection to Discharge – 11 U.S.C. § 727(a)(4))**

35.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 34 of the Complaint as though set forth herein.

36.     The Debtor committed the acts as set forth herein, within one year before the date of Petition Date.

37.     The Debtor, knowingly and fraudulently, in or in connection with this case, made a false oath and account by intentionally omitting assets transferred to WMA just prior to the bankruptcy filing and failing to identify those fraudulent conveyances/preferential transfers to WMA.

38.     The Transfers were made with the intent to hinder, delay, or defraud Debtor's creditors and as a result Debtor's discharge should be denied.

**THIRD CLAIM FOR RELIEF**

**(Objection to Discharge – 11 U.S.C. § 523(a)(4))**

**(Larceny/Conversion)**

39.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 38 of the Complaint as though set forth herein.

40.     As of the dates of the Transfers, Plaintiff had valid and enforceable rights against all assets of KODRA and K&A which attached to funds or property of the Debtor, including but not limited to property of K&A.

41.     The Transfers constituted the taking of Plaintiff's possession, or Plaintiff's right to possession, of this property and was wrongful and in violation of Plaintiff's ownership interest in K&A and additionally violated the terms and provisions of the agreements in place with Debtor KODRA, and K&A.  Defendants' taking of the property and Transfers to WMA was done with the express intent to convert the property and deprived the Plaintiff of the same.  In addition, all Defendants were on actual or constructive notice of the agreements between the Debtor and the Plaintiff.

///

42.    Defendants knew or should have known at the time of the Transfers that the Debtor's Transfers of K&A property to WMA was wrongful as to Plaintiff.  Demand for the return of this property would have been futile based on the immediate filing of the instant Bankruptcy action, or alternatively, demand is made by this Complaint.

43.    As a proximate result of Defendant WMA's wrongful receipt and retention of the property of KODRA and K&A, Plaintiff has been damaged in a sum of no less than $250,000, plus interest.

44.    Plaintiff is informed and believes and thereon alleges that as a further direct and proximate result of the acts and conduct complained of herein by Defendant, such acts were willful, malicious and with advance knowledge in conscious disregard of the rights of Plaintiff, with the deliberate attempt to deceive, vex and oppress Plaintiff, thus entitling Plaintiff to punitive and exemplary damages for the sake of example and to punish Defendant, pursuant to California Civil Code §3294.

45.    The Transfers were made with the intent to hinder, delay, or defraud Debtor KODRA as well as K&A's creditors and specifically Plaintiff.  By reason of Defendants' larceny, Plaintiff's claim for repayment of his debts and amounts stolen from K&A by Defendant is not dischargeable in bankruptcy by operation of 11 U.S.C. § 523(a)(4) and Debtor's request for discharge of this property should be denied.

### FOURTH CLAIM FOR RELIEF

### (Objection to Discharge – 11 U.S.C. § 523(a)(6))

### (Willful and Malicious Injury)

46.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 45 of the Complaint as though set forth herein.

47.    As of the dates of the Transfers and the representations being made to Plaintiff by Defendant KODRA, as herein alleged, Plaintiff is informed and believes and thereon alleges that Defendants did all the things referred to herein in this Complaint willfully and without justification and excuse, with knowledge of their consequences, and with reckless disregard for the expectations and rights of Plaintiff or of the necessary and foreseeable consequences of each act or omission.

**ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

48. Defendants intentionally and substantially interfered with Plaintiff's secured interest in K&A by converting valuable property belonging to K&A of which Plaintiff was ignorant and did not consent.

49. At the time said promises were given and/or properties converted, Defendant KODRA knew of the necessarily harmful consequences of his actions, or showed a reckless disregard for the same. Defendant also intentionally withheld information that knew or should have known he had an obligation to reveal, but did not, in furtherance of his deceptive and tortious schemes.

50. As a proximate result of Defendants willful and malicious actions, Plaintiff has been damaged in a sum of no less than $250,000, plus interest.

51. Plaintiff is informed and believes and thereon alleges that as a further direct and proximate result of the acts and conduct complained of herein by Defendant, such acts were willful, malicious and with advance knowledge in conscious disregard of the rights of Plaintiff, with the deliberate attempt to deceive, vex and oppress Plaintiff, thus entitling Plaintiff to punitive and exemplary damages for the sake of example and to punish Defendant, pursuant to California Civil Code §3294.

52. The Transfers were made with the intent to hinder, delay, or defraud Debtor KODRA as well as K&A's creditors and specifically Plaintiff. By reason of Defendants' larceny, Plaintiff's claim for repayment of his debts and amounts stolen from K&A by Defendant is not dischargeable in bankruptcy by operation of 11 U.S.C. § 523(a)(6) and Debtor's request for discharge of this property should be denied.

**FIFTH CLAIM FOR RELIEF**

**(Fraudulent Transfer—Violation of California Civil Code Section 3439.04)**

53. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 52 of the Complaint as though set forth herein.

54. As of the dates of the Transfers, Plaintiff had valid and enforceable rights against all assets of KODRA and K&A which attached to funds or property of the Debtor, including but not limited to property of K&A.

1    55.    The Transfers to WMA were made by KODRA and K&A with the actual intent to

2    hinder, delay or defraud within the meaning of California Civil Code section 3439.04(a)(1).

3    56.    As a result of the Transfers, Plaintiff has been damaged by Defendants in a sum

4    certain to be ascertained.

5    57.    Defendants knew or should have known at the time of the Transfers that the Debtor's

6    Transfers of K&A property to WMA was wrongful as to Plaintiff.

7    58.    As a proximate result of Defendant WMA's wrongful receipt and retention of the

8    property of KODRA and K&A, Plaintiff seeks all remedies for the fraudulent Transfers pursuant to

9    Civil Code section 3439.07, including but not limited to section 3439.07(a)(1), the avoidance of the

10    Transfers to the extent necessary to satisfy Plaintiff's claims.

11    59.    Plaintiff is informed and believes and thereon alleges that as a further direct and

12    proximate result of the acts and conduct complained of herein by Defendants, such acts were willful,

13    malicious and with advance knowledge in conscious disregard of the rights of Plaintiff, with the

14    deliberate attempt to deceive, vex and oppress Plaintiff, thus entitling Plaintiff to punitive and

15    exemplary damages for the sake of example and to punish Defendants, pursuant to California Civil

16    Code §3294.

17    60.    In addition, because the Transfers were made with the intent to hinder, delay, or

18    defraud Debtor's creditors, Debtor's discharge should be denied.

19                          **SIXTH CLAIM FOR RELIEF**

20        **(Fraudulent Transfer—Violation of California Civil Code Section 3439.05)**

21    61.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 60 of the

22    Complaint as though set forth herein.

23    62.    As of the dates of the Transfers, Plaintiff had valid and enforceable rights against all

24    assets of KODRA and K&A which attached to funds or property of the Debtor, including but not

25    limited to property of K&A.

26    ///

27    ///

28    ///

00151917.DOC                                    11

ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

63. The Transfers to WMA were made by KODRA and K&A without receiving reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or became insolvent as a result of the Transfers within the meaning of California Civil Code section 3439.05.

64. As a result of the Transfers, Plaintiff has been damaged by Defendants in a sum certain to be ascertained.

65. Defendants knew or should have known at the time of the Transfers that the Debtor's Transfers of K&A property to WMA was wrongful as to Plaintiff.

66. As a proximate result of Defendant WMA's wrongful receipt and retention of the property of KODRA and K&A, Plaintiff seeks all remedies for the fraudulent Transfers pursuant to Civil Code section 3439.07, including but not limited to section 3439.07(a)(1), the avoidance of the Transfers to the extent necessary to satisfy Plaintiff's claims.

67. Plaintiff is informed and believes and thereon alleges that as a further direct and proximate result of the acts and conduct complained of herein by Defendants, such acts were willful, malicious and with advance knowledge in conscious disregard of the rights of Plaintiff, with the deliberate attempt to deceive, vex and oppress Plaintiff, thus entitling Plaintiff to punitive and exemplary damages for the sake of example and to punish Defendants, pursuant to California Civil Code §3294.

68. In addition, because the Transfers were made with the intent to hinder, delay, or defraud Debtor's creditors, Debtor's discharge should be denied.

**EIGHTH CAUSE OF ACTION**

**(Against All Defendants)**

**BREACH OF FIDUCIARY DUTY**

69. Plaintiff refers to and incorporates as though fully set forth herein, paragraphs 1 through 68 above.

70. At all relevant times, Defendant KODRA owed Plaintiff fiduciary duties based on his position as majority shareholders of Defendant K&A. Defendant's fiduciary duties included duties to act with the highest good faith and with loyalty to Plaintiff.

71.    Defendant breached his fiduciary duties to Plaintiff in the manner alleged hereinabove, including but not limited to, repeatedly refusing to return to Plaintiff property and funds to that went to K&A, WMA and for KODRA's personal use.

72.    As a result of Defendant's breach of fiduciary duties, Plaintiff was injured and suffered damages in an amount to be proven at the time of trial but in no event less than two hundred and fifty thousand dollars ($250,000).

73.    Plaintiff is informed and believes and thereon alleges that as a further direct and proximate result of the breach of fiduciary duties by Defendant, as alleged herein, such acts were willful, malicious and with advance knowledge in conscious disregard of the rights of Plaintiff, with the deliberate attempt to deceive, vex and oppress Plaintiff, thus entitling the Plaintiff to punitive and exemplary damages for the sake of example and to punish Defendant, pursuant to California Civil Code §3294.

///

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For judgment and determination of the amount of actual damages Defendants caused to Plaintiff, including interest and punitive damages, all in a sum according to proof.

2.    For a judgment that the Plaintiff's claims against Defendants are non-dischargeable and excepted from Debtor's bankruptcy discharge;

3.    For a judgment against Defendants in the amount of not less than $250,000 plus interest;

4.    For judgment that the Transfers between Defendants to WMA were fraudulent conveyances and for the avoidance and recovery of such Transfers;

5.    That the Transfers be set aside or otherwise avoided and declared void so that the assets subject to the Transfers are available to Plaintiff and any other creditors;

6.    For compensatory damages according to proof and prejudgment interest;

7.    For punitive damages;

8.    For attorneys' fees and costs incurred herein pursuant to the terms of the agreements; and

**ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

1         9.     For such other further relief as this Court deems fair and proper.

2 /// 

3 **DEMAND FOR JURY TRIAL**

4     Plaintiff demands a jury trial against all Defendants hereinabove.

5

6 Dated: August 24, 2015            **ROWE MULLEN** LLP

7

8                            By:                                  

9                                     Martin J. Mullen
                                    James S. Brasher

10                                     Attorneys for Plaintiff
                                    JEFFREY SCHRANZ

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

<u>EXHIBIT A</u>

# PROMISSORY NOTE
### Secured by Deed of Trust

$135,000

San Diego, California
September 25, 2002

For value received, Kyle E. Kodra hereby promises to pay to the order of Jeffrey Schranz the sum of one hundred thirty five thousand dollars ($135,000), together with interest thereon at the rate of eight and one-half percent (8 1/2%) per annum from the date hereof until paid in full.  Mr. Kodra also agrees to pay to Mr. Schranz a percentage of the gross revenues from Kodra and Associates, a Sole Proprietor for 5 concurrent years, according to the payment and interest schedule set forth on Attachment #1 hereto.

Payment of principal and interest will be payable in annual installments as set forth on Attachment #2 hereto, beginning on May 15, 2003 and continuing on the 15th day of May each year thereafter until May 15, 2007 at which time the remaining entire balance shall become due and payable in a lump sum.

Payment of percentage of the gross revenues from Kodra and Associates will be payable in annual installments beginning May 15, 2004 for the 2003 calendar year and each year thereafter until May 15, 2008.  This percentage of gross earnings from Kodra and Associates will continue even if all principal and interest due hereunder paid prior to the due date.

All payments are to be made at 13661 Tiverton Road San Diego, CA 92130 unless otherwise directed by Mr. Schranz.

Payments not made by the due date shall accrue a late charge of $22.67 per day or $680 monthly. In the event a court of competent jurisdiction declares any interest, gross revenue or other payments, or the sum thereof, under this Promissory Note or any Attachment hereto to exceed the maximum rate of interest allowed by applicable laws, the maximum rate of interest allowed by such laws shall be substituted for such excessive payment(s).

Mr. Kodra's obligations under this Promissory Note will be secured by a Trust Deed (the "Trust Deed") specifying the collateral as that certain real property located at 5986 College Avenue San Diego, CA 92120 and is exercisable in the event of default.

Each of the following events shall constitute a default ("Default") under this Promissory Note:

(a)     Mr. Kodra's failure to pay when due any payment of principal or interest due under this Promissory Note;

(b)     Mr. Kodra's failure to perform or observe any of the terms or conditions of the Trust Deed;

(c)     Mr. Kodra's failure to perform or observe any of the terms or conditions of any other agreement between Mr. Kodra and Mr. Schranz;

(d)     The making by Mr. Kodra or Kodra and Associates of any assignment for the benefit of creditors or the voluntary appointment (at the request or with the consent of Mr. Kodra) of a receiver, custodian, liquidator or trustee in bankruptcy of any of Mr. Kodra's or Kodra and Associates' property, or the filing by Mr. Kodra or Kodra and Associates of a petition in bankruptcy or other similar proceeding under any law for relief of debtors; or

(e)     The filing against Mr. Kodra or Kodra and Associates of a petition in bankruptcy or other similar proceeding under any law for relief of debtors, or the involuntary appointment of a receiver, custodian, liquidator or trustee in bankruptcy of any property of Mr. Kodra or Kodra and Associates, if such petition or appointment is not vacated or discharged within sixty (60) calendar days after the filing or making thereof.

Upon the occurrence of any Default, Mr. Schranz may, at his option, declare the entire unpaid principal balance and accrued interest to be immediately due and payable, without notice to Mr. Kodra.  Mr. Kodra further understands that this Promissory Note is a full recourse promissory note and that Mr. Schranz may, at his option, proceed against assets of the undersigned other than the collateral specified in the Trust Deed in the event of a Default.

# PROMISSORY NOTE
Secured by Deed of Trust

In the event Mr. Kodra sells or otherwise transfers for value the collateral specified in the Trust Deed, then any unpaid portion of the principal balance of this Promissory Note attributable to the purchase price of such collateral shall become immediately due and payable, together with all accrued and unpaid interest on that principal portion.

Mr. Kodra promises to pay all costs and expenses (including reasonable attorneys' fees) incurred by Mr. Schranz in the exercise or enforcement of any right under this Promissory Note.

The acceptance by Mr. Schranz of any payment hereunder which is less than the payment in full of all amounts due and payable at the time of such payment shall not constitute a waiver of the right to accelerate at that time or any subsequent time or nullify any prior acceleration without the express written consent of Mr. Schranz, except as and to the extent otherwise provided by law.

Mr. Kodra waives diligence, presentment, protest and demand and also notice of protest, demand, dishonor and nonpayment of this Promissory Note, and expressly agrees that this Promissory Note, or any payment hereunder, may be extended from time to time. Mr. Kodra also consents to the acceptance of security, if any, or the release of security, if any, from this Promissory Note, all without in any way affecting the liability of Mr. Kodra.

The right to plead any and all statutes of limitations as a defense to any demand on this Promissory Note or any agreement to the same, any instrument securing this Promissory Note, or any and all obligations or liabilities arising out of or in connection with this Promissory Note, is expressly waived by Mr. Kodra to the fullest extent permitted by law.

If Mr. Schranz should institute collection efforts of any nature whatsoever to attempt to collect any and all amounts due hereunder upon any Default of Mr. Kodra, Mr. Kodra shall be liable to pay to Mr. Schranz immediately and without demand all reasonable costs and expenses of collection incurred by Mr. Schranz, including without limitation reasonable attorneys fees, whether or not suit or other action or proceeding be instituted and specifically including but not limited to collection efforts that may be made through a bankruptcy court, and all such sums shall be fully secured by the collateral specified in the Trust Deed.

The provisions of this Promissory Note are intended by Mr. Kodra to be severable and divisible, and the invalidity or unenforceability of a provision or term herein shall not invalidate or render unenforceable the remainder of this Promissory Note or any part thereof.

In the event of death of Mr. Kodra, the loan will be paid in full including interest accrued until date of death. The payment amount will be the outstanding balance including remaining interest and accrued year-to-date gross revenues percentage (as outlined on Attachment #1). The amounts due will be paid from life insurance (attachment #3) proceeds as stated by the Will or Trust of Kyle E. Kodra (attachment #4) including all documentary stamp fees arising from the execution or delivery of this instrument.

This note is not assignable by either of Mr. Kodra or Mr. Schranz. The obligations under this Promissory Note may be prepaid in whole or in part at any time without penalty. In the event that additional principal payments are made, the Irregular Amortization Calculation Schedule (Attachment #2) will be recalculated and distributed to both parties. The percentage of gross revenues from Kodra and Associates cannot be prepaid.

This Promissory Note (together with all Attachments hereto) constitutes the entire agreement between the borrower and lender. Any changes or alterations to this agreement must be in writing and signed by both parties. This Promissory Note with interest shall be construed and enforced according to the laws of the State of California

Signature of Borrower:

_Kyle E. Kodra_

9/30/02

Signature of Lender:

_Jeffrey G. Schranz_

9/30/02

**PROMISSORY NOTE**
Secured by Deed of Trust

Date                                                    Date

State of California
County of San Diego                                     ss:

On ___9/30___, 2002 before me, Kyle E. Kodra personally appeared, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument he executed the instrument.

WITNESS my hand and official seal.

_Cynthia A. Fipp_ _____ (Seal)

CYNTHIA A. FIPP
COMM. # 1357659
NOTARY PUBLIC • CALIFORNIA
SAN DIEGO COUNTY
Comm. Expires May 21, 2006

CA 29133.1

ILA PROFIT SHARE / EQUITY

## Promissory Note Attachment #1

Gross revenues from Kodra and Associates as defined as total amount of revenues collected during a calendar year less any returns or business revenue amounts prepaid to Mr. Schranz.

| YEAR (January - December) | PERCENTAGE (%) |
|---|---|
| 2003 | 6% |
| 2004 | 7% |
| 2005 | 8% |
| 2006 | 9% |
| 2007 | 10% |

| PAYMENT DATE | % | | GROSS | PAID |
|---|---|---|---|---|
| May 15, 2004 → | $7,500 7000 | | $83K | 5/29/04 |
| May 15, 2005 → | $5,500K | | $ 65 K | PAID |
| May 15, 2006 → | $ 9205 | | $ 115 K | EQUITY |
| May 15, 2007 → | $ 14,921 | | $ 164K | EQUITY |
| May 15, 2008 → | $ 103K | | $ 105K | EQUITY |
| 2009 | | | $ 72K | |
| | | | **$763K** | |

(balanced for Equity)

\* WAS DUE $9205 JAN 5/15/2006 (2005 tax year), BALANCED for EQUITY

\* WAS DUE $ 14,921 for 5/15/2007 (2006 tax year), BALANCED for EQUITY

\* $ 19,300 DUE for 2007 tax year (NOT PAID AS OF 12/15/09)
NOT PAID AS OF 5/03/10

OPEN ⟹
CLAIM

| | 2008 | | 2009 |
|---|---|---|---|
| | | | $103K |
| REVENUE | $ 291K | | $ 180K |
| PROFIT | $ 26,323 | | $ 7,564 |
| (K) ...... | ...... | | ...... |

| 1 | 05/15/2003 | 20000.00 | 8.500 | 7136.51 | 12863.49 | 122136.51 | 0.00 |
| 2 | 05/15/2004 | 25000.00 | 8.500 | 10410.05 | 14589.95 | 107546.56 | 0.00 |
| 3 | 05/15/2005 | 30000.00 | 8.500 | 9141.46 | 20858.54 | 86688.02 | 0.00 |
| 4 | 05/15/2006 | 35000.00 | 8.500 | 7368.48 | 27631.52 | 59056.50 | 0.00 |
| 5 | 05/15/2007 | 64076.30 | 8.500 | 5019.80 | 59056.50 | 0.00 | 0.00 |

### LOAN SUMMARY

| | | | |
|---|---|---|---|
| Regular Interest Paid: | $39,076.30 | Deferred Interest Unpaid: | $0.00 |
| Deferred Interest Paid: | $0.00 | Principal Applied: | $135,000.00 |
| Total Interest Paid: | $39,076.30 | Remaining Principal: | $0.00 |

Prepared By:
**Kodra & Associates**
5173 Waring Road #80
San Diego CA 92120
Tel: (619) 549-1784

09-29-2002

## EXHIBIT B

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

Name    Jeffrey G. Schranz
Street
Address    13661 Tiverton Road
City &
State    San Diego, CA   92130

THE ORIGINAL OF THIS DOCUMENT
WAS RECORDED ON OCT 29, 2002
DOCUMENT NUMBER 2002-0954435
GREGORY J. SMITH, COUNTY RECORDER
SAN DIEGO COUNTY RECORDER'S OFFICE
TIME: 2:26 PM

———SPACE ABOVE THIS LINE FOR RECORDER'S USE———

A.P.N. ___4623322300___

# DEED OF TRUST WITH ASSIGNMENT OF RENTS
## (SHORT FORM)

**This Deed of Trust,** made    September 30th, 2002    between , herein called TRUSTOR,

Kyle E. Kodra and Daneen P. Kodra, husband and wife    , herein called TRUSTOR,

whose address is   5986 College Avenue, San Diego, CA   92120
                (number and street)      (city)      (state)

COMMONWEALTH LAND TITLE COMPANY, a California corporation, ,herein called TRUSTEE, and

Jeffrey G. Schranz                                    , herein called BENEFICIARY,

**Witnesseth:** That Trustor grants to Trustee in Trust  with Power of Sale, that property in the

City of San Diego    County of    San Diego                    , State of California, described as:

LOT 341 OF PRINCESS DEL CERRO UNIT NO. 5, IN THE CITY OF SAN DIEGO,
COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF
NO. 6166, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO
COUNTY, AUGUST 9, 1968, AND COMMONLY KNOWN AS 5986 COLLEGE AVENUE,
SAN DIEGO, CA  92120

Together with  the rents, issues and profits thereof, subject, however, to the right, power and authority given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the purpose of Securing (1) payment of the sum of $                    with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, and (2) the performance of each agreement of Trustor incorporated by reference or contained herein (3) Payment of additional sums and interest theron which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To Protect the Security of This Deed of Trust, Trustor Agrees:

By the execution and delivery of this Deed of Trust and the note secured hereby, that all of provisions "A" and "B", of the fictitious deed of trust recorded in Santa Barbara County and Sonoma County October 18, 1961, and in all other counties October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| County | Book | Page | County | Book | Page | County | Book | Page |
|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Madera | 810 | 170 | San Luis Obispo | 1151 | 12 |
| Alpine | 1 | 250 | Marin | 1508 | 339 | San Mateo | 4078 | 420 |
| Amador | 104 | 348 | Mariposa | 77 | 292 | Santa Barbara | 1878 | 860 |
| Butte | 1145 | 1 | Mendocino | 579 | 530 | Santa Clara | 5336 | 341 |
| Calaveras | 145 | 152 | Merced | 1547 | 538 | Santa Cruz | 1431 | 494 |
| Colusa | 296 | 617 | Modoc | 184 | 851 | Shasta | 684 | 528 |
| Contra Costa | 3978 | 47 | Mono | 52 | 429 | San Diego | Series 2 Book 1961 | Page 183887 |
| Del Norte | 78 | 414 | Monterey | 2194 | 538 | Sierra | 29 | 335 |
| El Dorado | 568 | 456 | Napa | 639 | 86 | Siskiyou | 468 | 181 |
| Fresno | 4626 | 572 | Nevada | 305 | 320 | Solano | 1105 | 182 |
| Glenn | 422 | 184 | Orange | 5889 | 611 | Sonoma | 1851 | 689 |
| Humbolt | 657 | 527 | Placer | 895 | 301 | Stanislaus | 1715 | 456 |
| Imperial | 1091 | 501 | Plumas | 151 | 5 | Sutter | 572 | 297 |
| Inyo | 147 | 598 | Riverside | 3005 | 523 | Tehama | 401 | 289 |
| Kern | 3427 | 60 | Sacramento | 4331 | 62 | Trinity | 93 | 366 |
| Kings | 792 | 833 | San Benito | 271 | 383 | Tulare | 2294 | 275 |
| Lake | 362 | 39 | San Bernardino | 5567 | 61 | Tuolumne | 135 | 47 |
| Lassen | 171 | 471 | San Francisco | A332 | 905 | Ventura | 2062 | 386 |
| Los Angeles | T2055 | 899 | San Joaquin | 2470 | 311 | Yolo | 653 | 245 |
| | | | | | | Yuba | 334 | 486 |

shall insure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivision A and B. (identical in all counties, and printed on the reversed side hereof) are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge therefore does not exceed the maximum allowed by law.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

State of California  } SS

County of SAN DIEGO

On 9/30/02 _____ before me,

personally appeared Kyle E. Kodra and Daneen P. Kodra

_____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is / are subscribed to the within instrument and acknowledged to me that he / she / they executed the same in his / her / their authorized capacity(ies), and that by his / her / their signatures(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Cynthia A Fipp_

Title Order No. _____

Escrow or Loan No. _____

Signature of Trustor

_Kyle E. Kodra_

Kyle E. Kodra

_Daneen P. Kodra_

Daneen P. Kodra

CYNTHIA A. FIPP
COMM. # 1357659
NOTARY PUBLIC • CALIFORNIA
SAN DIEGO COUNTY
Comm. Expires May 21, 2006

(This area for official notarial seal)

## EXHIBIT C

Kodra & Associates
6398 Del Cerro Blvd. Suite 2
San Diego, CA 92120

Jeffrey Schranz Living Trust Dated 08/15/2002
13661 Tiverton Road
San Diego, CA 92130

January 9, 2008

Effective January 01, 2008 Kyle Kodra president and CEO of Kodra & Associates Inc
executed the sale of 1000 Shares equal to ten percent (10%) of Kodra & Associates, Inc
total outstanding stock to Jeffrey G Schranz Living Trust Dated 08/15/2002 for the sum
total of $5,000.  1000 Shares to be owned by Jeffrey G Schranz Living Trust Dated
08/15/2002 in a passive manner only and non transferable.

Kyle Kodra

May 15, 2006

Kodra & Associates
6398 Del Cerro Blvd. Suite 2
San Diego, CA 92120

Jeffrey Schranz
13661 Tiverton Road
San Diego, CA 92130

Dear Kodra & Associates:

In lieu of the following royalty payments:
$9,205.00 Kodra & Associates was to pay Jeffrey G Schranz for the 2005 tax year,
Jeffrey G Schranz hereby gifts said money to Kodra & Associates.  No deduction and no
income shall be recorded by either party as debt was gifted. Gift being under the $12,000
per year will not affect Gift Tax as implied by Federal Gift Tax laws.

--------------------------------------------------------------

The Agreement was as follows:
2005 = 8% of Gross Receipts

May 15, 2007

Kodra & Associates
6398 Del Cerro Blvd. Suite 2
San Diego, CA 92120

Jeffrey Schranz
13661 Tiverton Road
San Diego, CA 92130

Dear Kodra & Associates:

In lieu of the following royalty payments:
$14,421 Kodra & Associates was to pay Jeffrey G Schranz for the 2006 tax year, Jeffrey
G Schranz hereby gifts $12,000 of said money to Kodra & Associates.  No deduction and
no income shall be recorded by either party as debt was gifted. Gift being under the
$12,000 per year will not affect Gift Tax as implied by Federal Gift Tax laws.

-------------------------------------------------------------

The Agreement was as follows:
2006 = 9% of Gross Receipts

January 01, 2008

Kodra & Associates
6398 Del Cerro Blvd. Suite 2
San Diego, CA 92120

Jeffrey Schranz
13661 Tiverton Road
San Diego, CA 92130

Dear Kodra & Associates:

In lieu of the following royalty payments:
$4,421 (Balance from prior year) Kodra & Associates was to pay Jeffrey G Schranz for
the 2006 tax year, Jeffrey G Schranz hereby gifts said money to Kodra & Associates.  No
deduction and no income shall be recorded by either party as debt was gifted. Gift being
under the $12,000 per year will not affect Gift Tax as implied by Federal Gift Tax laws.

May 23, 2010


Kodra & Associates
6398 Del Cerro Blvd. Suite 2
San Diego, CA 92120


Jeffrey Schranz Living Trust - dated 08/15/2002
13661 Tiverton Road
San Diego, CA 92130


Effective January 01, 2010 Kyle Kodra president and CEO of Kodra & Associates Inc executed the sale of 650 Shares equal to ten percent (6.5%) of Kodra & Associates, Inc total outstanding stock to Jeffrey G Schranz Living Trust Dated 08/15/2002 for the sum total of $21,170.  650 Shares to be owned by Jeffrey G Schranz Living Trust Dated 08/15/2002 in a passive manner only and non transferable.


Signed:


Kyle E. Kodra

May 15, 2008


Kodra & Associates
6398 Del Cerro Blvd. Suite 2
San Diego, CA 92120


Jeffrey G. Schranz
13661 Tiverton Road
San Diego, CA 92130


Dear Kodra & Associates:

In lieu of the following royalty payments:
$7,000 (partial payment) Kodra & Associates was to pay Jeffrey G Schranz for the 2007
tax year, Jeffrey G Schranz hereby gifts said money to Kodra & Associates in exchange
for equity in Kodra and Associates. Details of equity are outlined in a separate document.
No deduction and no income shall be recorded by either party as debt was gifted. Gift
being under the $12,000 per year will not affect Gift Tax as implied by Federal Gift Tax
laws.


Signed:

Jeffrey G. Schranz


-----------------------------------------------------------------

The Agreement was as follows:
2007 = 10% of Gross Receipts (Revenues = $193,000 = $19,300)
Plus interest accrued = $1,870 (based on AFR of 3.74%)
Total Due: $21,170

Gift Schedule:
May 15, 2008 gift $7,000
Jan 01, 2009 gift $12,000
Jan 01, 2010 gift $2,170

January 01, 2009


Kodra & Associates
6398 Del Cerro Blvd. Suite 2
San Diego, CA 92120


Jeffrey G. Schranz
13661 Tiverton Road
San Diego, CA 92130


Dear Kodra & Associates:

In lieu of the following royalty payments:
$12,000 (partial payment from prior year) Kodra & Associates was to pay Jeffrey G
Schranz for the 2007 tax year, Jeffrey G Schranz hereby gifts said money to Kodra &
Associates in exchange for equity in Kodra and Associates. Details of equity are outlined
in a separate document.  No deduction and no income shall be recorded by either party as
debt was gifted. Gift being under the $13,000 per year will not affect Gift Tax as implied
by Federal Gift Tax laws.

Signed:

Jeffrey G. Schranz

------------------------------------------------------------------

The Agreement was as follows:
2007 = 10% of Gross Receipts (Revenues = $193,000 = $19,300)
Plus interest accrued = $1,870 (based on AFR of 3.74%)
Total Due: $21,170

Gift Schedule:
May 15, 2008 gift $7,000
Jan 01, 2009 gift $12,000
Jan 01, 2010 gift $2,170

January 01, 2010


Kodra & Associates
6398 Del Cerro Blvd. Suite 2
San Diego, CA 92120


Jeffrey G. Schranz
13661 Tiverton Road
San Diego, CA 92130


Dear Kodra & Associates:

In lieu of the following royalty payments:
$2,107 (partial payment from prior year) Kodra & Associates was to pay Jeffrey G
Schranz for the 2007 tax year, Jeffrey G Schranz hereby gifts said money to Kodra &
Associates in exchange for equity in Kodra and Associates. Details of equity are outlined
in a separate document.  No deduction and no income shall be recorded by either party as
debt was gifted. Gift being under the $13,000 per year will not affect Gift Tax as implied
by Federal Gift Tax laws.

Signed:



Jeffrey G. Schranz

------------------------------------------------------------------

The Agreement was as follows:
2007 = 10% of Gross Receipts (Revenues = $193,000 = $19,300)
Plus interest accrued = $1,870 (based on AFR of 3.74%)
Total Due: $21,170

Gift Schedule:
May 15, 2008 gift $7,000
Jan 01, 2009 gift $12,000
Jan 01, 2010 gift $2,170

## EXHIBIT D

# SECURITY AGREEMENT

**THIS SECURITY AGREEMENT** (the "Agreement") is entered into as of August 15, 2012, by and between Jeff Schranz, and his successors and assigns (the "Secured Party") and Kyle E. Kodra and Kodra & Associates, Inc., a California corporation (collectively the "Debtor"), with reference to the following facts:

**WHEREAS,** Debtor is indebted to Secured Party in the amount of Ninety Seven Thousand Four Hundred Thirty-Seven Dollars ($97,437.00), as evidenced by that certain Secured Promissory Note (the "Note"), dated November 15, 2006, executed by Debtor in favor of Secured Party, the terms of which are incorporated herein by reference; and

**WHEREAS,** the Note has matured, the Debtor has failed to make required principal payments and interest payments on the Note and the required balloon payment upon maturity of the Note and is therefore in default with One Hundred Eighteen Thousand Ninety Three Dollars and Thirty-eight Cents ($118,093.38) of principal and interest due and owing to the date of this Agreement, and

**WHEREAS,** the Debtor has agreed to provide additional security for the Note in consideration of Secured Party forbearance, and

**WHEREAS,** Secured Party desires to obtain, and Debtor desires to create, a security interest in favor of Secured Party to secure the obligations of the Debtor under the Note.

**NOW THEREFORE, THE PARTIES AGREE AS FOLLOWS:**

1.     **Secured Obligations**.  For purposes of this Agreement, the term "Obligations" shall mean the payment or performance of any existing or future indebtedness, obligation, or liability of Debtors to Secured Party pursuant to the Note or this Agreement.

2.     **Creation of Security Interest**.  Debtor hereby grants and assigns to Lender as of the date of this Agreement, a security interest in all of Debtor's right, title and interest in and to (a) all Inventory, Equipment, Furniture, Records and Contracts and Intangibles of the Debtor, including but not limited to those specific assets listed on Exhibit "A," attached hereto and incorporated herein by this reference, and (b) all personal property, furnishings, fixtures and equipment now owned by Debtor, or which Debtor may hereinafter acquire, which are placed in use, or held for specific use with respect to the business of Debtor (collectively, the "Secured Property").   If the lien of this Agreement on any fixtures or personal property be subject to a lease agreement, conditional sale agreement or chattel mortgage covering such property, then in the event of any default hereunder all the right, title and interest of the Debtor in and to any and all deposits made thereon are hereby assigned to the Secured Party, together with the benefit of any payments now or hereafter made thereon.

3.     **Perfection; UCC Filings.**

3.1     Debtor, by its execution of this Agreement, acknowledges Secured Party's rights in the Secured Property and acknowledges that it has made the appropriate entries on its books

and records to effect and evidence the interest in the Secured Property of the Secured Party. Further, the parties acknowledge and agree that the Debtor shall act as Secured Party's bailee, agent and pledgeholder with respect to possession of the Secured Property.

3.2     To perfect the security interest in all of the Secured Property generally, the Debtor irrevocably authorizes Secured Party to file UCC-1 Financing Statements describing the Collateral Secured Party deems necessary to perfect its security interest in the Secured Property.

4.     **Covenants of Debtor**.  Debtor promises:

a.     To make payment to Secured Party and perform all the obligations to Secured Party in a timely manner.

b.     To execute and deliver to Secured Party all financing statements that Secured Party may request, in order to maintain first perfected security interests in the Secured Property.

c.     Not to sell, assign, transfer, or permit to exist any lien on or any security interest in the Secured Property in favor of anyone other than Secured Party, unless Secured Party consents thereto in writing.

d.     Not to permit liens on, seizure or attachment of the Secured Property, except existing liens or current tax liens, and to perform all acts necessary to maintain, preserve, and protect the Secured Property.

5.     **Representations and Warranties of Debtor**.  Debtor represents and warrants that:

a.     This Agreement creates a perfected first priority security interest enforceable against the Secured Property in which the Debtor now has rights.

b.     Neither the execution and delivery of this Agreement, nor the taking of any action in compliance with it, will (i) violate or breach any law, regulation, rule, order or judicial action binding on Debtor, or any agreement to which Debtor is a party, or (ii) result in the creation of a lien against the Secured Property except as created by this Agreement.

6.     **Termination**.  This Agreement will terminate when (a) Debtor completes performance of all Obligations to Secured Party, including, without limitation, the repayment of all indebtedness by Debtor to Secured Party under the Note; (b) Secured Party has no commitment that could give rise to an Obligation; and (c) Debtor has notified Secured Party in writing of the termination.

7.     **Default**.  The following shall constitute events of default ("Events of Default") under this Agreement:

a.     Debtor's failure to make any payment to Secured Party when due, or to perform any other Obligations in a timely manner.

b. Debtor — reach of this Agreement, or any present or future rider or supplement to this Agreement, or any other Agreement between Debtor and Secured Party evidencing the Obligations or securing them.

c. Any warranty, representation, or statement, made by or on behalf of Debtor, in or with respect to this Agreement, which is false.

d. Debtor becoming insolvent or unable to meet its debts as they mature.

8. **Remedies of Secured Party**. Upon the occurrence of an Event of Default, Secured Party, at its option, may:

a. Declare the Obligation immediately due and payable without demand, presentment, protest, or notice to Debtor, all of which Debtor expressly waive.

b. Declare the Secured Property as being immediately forfeited by Debtor and reverting back to the Secured Party, including all right, title, and interest therein.

d. Exercise all other rights and remedies available to a secured creditor after default, including but not limited to the rights and remedies of secured creditors under the Uniform Commercial Code.

9. **General Provisions**.

a. Entire Agreement - This Agreement contains the entire agreement between the parties pertaining to the subject matter hereof and supersedes any and all prior agreements, representations, and understandings of the parties, written or oral.

b. Governing Law - This Agreement is made and entered into in the State of California and shall in all respects be interpreted, enforced and governed under the laws of the State of California.

c. Severability - Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

d. Binding Effect - This Agreement shall be binding on and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, personal representatives, successors and assigns. This Agreement, or any right or interest hereunder, shall not be assignable by any party hereto without the written consent of the other party.

e. Attorneys' Fees - In the event any party shall institute an action to enforce any right under this Agreement, the prevailing party in the action shall be entitled, in addition to any other relief awarded by the court, to court costs and reasonable attorney fees.

f.    Cour██s – This Agreement may b██ uted in any number of counterparts and all such counterparts executed and delivered, each as an original shall constitute but one and the same executed and delivered document.

g.    Continued Effectiveness of Note – Nothing contained herein shall constitute any amendment or modification of the Note, the terms of which shall remain in full force and effect.  By taking this additional security, Secured Party is not waiving any rights under the Note, including, but not limited to, the right to Late Charges or Default Interest, as defined in the Note.

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement as of the date first written above.

**DEBTOR:**          Kodra & Associates, a California corporation

By:  _Kyle Kodra_____
          Kyle E. Kodra, President

_____  9/21/12
Kyle E. Kodra, an individual

**SECURED PARTY:**        _____
Jeff Schranz

## SCHEDULE "A"

The Secured Property shall include all the assets, tangible and intangible, of Kodra & Associates, Inc, a California corporation, including but not limited to any equipment, trade fixtures, leaseholds, leasehold improvements, contract rights, business records, client lists and files, licenses, franchises, goodwill, covenant not to compete, trade secrets, trade names, telephone numbers, email addresses, websites, supplies, work in progress, accounts receivable and inventory.



**SECRETARY OF STATE**

**STATE OF CALIFORNIA**

## UCC Filing Acknowledgement

09/25/2012

Page 1 of 1

SCHRANZ JEFF G
13661 TIVERTON RD
SAN DIEGO CA 92130

Filing Fee:        $5.00

Total Fee:        **$5.00**

The California Secretary of State's Office has received and filed your document. The information below reflects the data that was indexed in our system. Please review the information for accuracy. Included is an image of the filed document to assist you in your review. If you find a potential error, please notify the UCC Section at the number listed below at your earliest convenience.

Filing Type: **Financing Statement**        File Date: **09/25/2012**        File Time: **13:38**

Filing Number: **12-7330328827**        Lapse Date: **09/25/2017**

Debtor(s):
ORGANIZATION        **KODRA AND ASSOCIATES, INC.**

**3665 RUFFIN RD. SUITE 204 SAN DIEGO CA USA 92123**

Secured Party(ies):
INDIVIDUAL        **SCHRANZ, JEFF, G,**

**13661 TIVERTON RD SAN DIEGO CA USA 92130**

Filing by the Secretary of State is not conclusive proof that all conditions for securing priority have been met. Ensuring that accurate information is on the document to be filed is the responsibility of the filing party. If this filing is challenged, the Secretary of State does not guarantee that the filing is legally sufficient to secure priority under UCC Article 9 and expressly disclaims any liability for failure of the filing party to secure priority resulting from the information contained in the filed document, or the lack of information on the filed document.

UNIFORM COMMERCIAL CODE 1500 11TH STREET, 2ND FL. · SACRAMENTO, CA 95814 · PO BOX 942835 · SACRAMENTO, CA 94235-0001 · (916) 653-3516 · HTTPS://UCCCONNECT.SOS.CA.GOV

PROGRAMS ARCHIVES, BUSINESS PROGRAMS, ELECTIONS, INFORMATION TECHNOLOGY, CALIFORNIA STATE HISTORY MUSEUM,
MANAGEMENT SERVICES, SAFE AT HOME, DOMESTIC PARTNERS REGISTRY, NOTARY PUBLIC, POLITICAL REFORM

<u>EXHIBIT E</u>

*[handwritten annotations at top:]*
✓ PAID $10K  12/22/10  CK # 1013
Kyle

6/4/4
> PD $10,419  CK# 3108
> Balance Due $10K

# PROMISSORY NOTE

## LOAN REPAYABLE IN TWO INSTALLMENTS WITH INTEREST

1. For value received, I individually and severally promise to pay to the order of, Jeffrey Schranz, the amount of $20,000.00 on or before July 1, 2011 (7/01/2011) at the annual rate of 5.0% from the date this note was signed until the date it is due or is paid in full, whichever date occurs later.

2. I individually and severally also agree that this note shall be paid in two installments, which include all principal and interest due and payable upon the sale of two identified properties owned by SK Enterprises, LLC whose principal members are Jeffrey Schranz and Kyle Kodra. Those identified properties are: 1732 Geranium Street Carlsbad, CA 92011 and 4347 Rous Street San Diego, CA 92122.

The following is the principal payment schedule as it pertains to the aforementioned loan:

| Payment Date | Payment Amount | Remaining Principal |
|---|---|---|
| Sale of First Property | $10,000.00 + applicable interest | $10,000.00  →6/4/10  $10,419. |
| Sale of Second Property | $10,000.00 + applicable interest | $ zero |

3. I individually and severally also agree that in the event that one or both properties do not sell by the due date of this promissory note (7/01/2011) or the sale of said properties does not produce enough revenue to satisfy these obligations, I, Kyle Kodra will remit payment in full plus interest on or before July 1, 2011.

4. I individually and severally also agree to list Kodra and Associates (K&A) for sale with at least one business broker and provide proof in writing no later than January 15, 2011. Upon providing proof of listing Kyle will be entitled to receive fifty percent or $10,000.00 associated with this promissory note.

5. I individually and severally also agree to sell K&A no later than November 15, 2011 and am to include each of the following commitments to Jeffrey Schranz as a part of the sale/escrow:
    a) All outstanding debts to Jeff Schranz totaling approximately $100,000
    b) Distribution of any undistributed capital:
        i) 2009: $3,591.00
        ii) 2010: 16.5% of net profits $ TBD
        iii) 2011: 16.5% of net profits $ TBD
    c) Distribution of 16.5% equity in K&A

6. In the event the holder(s) of this note prevail(s) in a lawsuit to collect on it, I agree to pay the holder(s)' attorney fees in an amount the court finds to be just and reasonable as governed and interpreted under the laws of the State of California.

7. All payments and performance of the obligations under this Note shall be made at 13661 Tiverton Road San Diego, CA 92130.

Name of Borrower: Kyle E. Kodra
Address of Borrower: 6398 Del Cerro Blvd. Suite 7 San Diego, CA 92120

Name of Lender: Jeffrey Schranz
Address of Lender: 13661 Tiverton Rd. San Diego, CA 92130

Date: December 22, 2010 (12//2010)

Signature of Borrower:

Kyle P. Kodra